1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   KRISTEN NOEL R.,[1]                      Case No.  20-cv-04134-SK

                  Plaintiff,

8

       v.

9                                            **ORDER REGARDING CROSS-**
                                             **MOTIONS FOR SUMMARY**
10  KILOLO KIJAKAZI,                         **JUDGMENT**

                  Defendant.                 Regarding Docket Nos. 16, 19

11

12          This matter comes before the Court upon consideration of Plaintiff Kristen Noel R.'s

13  motion for summary judgment and the cross-motion for summary judgment filed by Defendant,

14  Kilolo Kijakazi, the Commissioner of Social Security (the "Commissioner").  Pursuant to Civil

15  Local Rule 16-5, the motions have been submitted on the papers without oral argument.  Having

16  carefully considered the administrative record, the parties' papers, and relevant legal authority,

17  and the record in the case, the Court hereby DENIES Plaintiff's motion and GRANTS the

18  Commissioner's cross-motion for summary judgment for the reasons set forth below.

19                                **BACKGROUND**

20          Plaintiff was born on April 20, 1974.  (Administrative Record ("AR") 45.)  On January 30,

21  2017, Plaintiff filed an application for a period of disability and disability insurance benefits,

22  alleging she was disabled starting on February 27, 2014.  (AR 15.)  On March 1, 2019, Plaintiff,

23  accompanied by counsel, testified at a hearing before Administrative Law Judge Michael A.

24  Cabotaje ("ALJ").  (AR 41-76.)  Plaintiff and vocational expert Allison Baldwin both testified at

25  the hearing.  (*Id.*)

26

27          [1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure
    5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case
28  Management of the Judicial Conference of the United States.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In a decision dated May 31, 2019, the ALJ denied Plaintiff's claim for a period of

2  disability and disability insurance benefits.  (AR 15-27.)  The ALJ conducted the required five-

3  step sequential evaluation process for Social Security Disability claims.  (*Id.*)  At Step 1, the ALJ

4  found that Plaintiff met the insured status requirements of the Social Security Act through

5  December 31, 2019.  (AR 17.)  At Step 2, the ALJ found that Plaintiff has not engaged in

6  substantial gainful activity since February 27, 2014, the alleged onset date.  (*Id.*)  At Step 3, the

7  ALJ found that Plaintiff has the following severe impairments: osteoarthritis of the left knee,

8  status post left knee arthroscopy, and obesity.  (*Id.*)  At Step 4, the ALJ found that Plaintiff does

9  not have an impairment or combination of impairments that meets or medically equals the severity

10  of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 18.)

11    At Step 5, the ALJ found that Plaintiff has the Residual Functional Capacity ("RFC") to

12  perform light work as defined in 20 C.F.R. § 404.1567(b), with certain limitations: standing or

13  walking four hours of an eight-hour day; sitting for six hours of an eight-hour day, frequently

14  operating foot controls with her left lower extremity; occasionally climbing ramps, stairs, ladders,

15  ropes, or scaffolds; frequently balancing or stooping; occasionally crouching or crawling; never

16  kneeling or squatting; never being exposed to extreme cold for concentrated periods, to

17  unprotected heights, or heavy moving machinery; requiring a sit/stand option such that she can

18  switch to standing after one hour of sitting and switch to sitting after 30 minutes of standing; never

19  being required to walk more than one mile without rest; using a cane for ambulation.  (AR 20.)

20  The ALJ found that while claimant is unable to perform any past relevant work, jobs exist in

21  significant numbers in the national economy that she could perform given her current RFC.  (AR

22  25-26.)

23    Plaintiff moves for summary judgment, arguing that the ALJ's decision was not supported

24  by substantial evidence and relied on erroneous legal standards.  (Dkt. 16.)  Defendant cross-

25  moves for summary judgment, contending the opposite.  (Dkt. 19.)  The parties dispute the

26  following issues:

27    **1.    Whether the ALJ erred in evaluating the medical opinion evidence, including**

28        **the opinions of Babak Jamasbi, M.D., and Michael Tran, M.D.;**

1      **2.      Whether the ALJ erred in assessing Plaintiff's RFC.**

2    For the reasons set forth below, the Court finds that the ALJ correctly evaluated the medical

3    opinion evidence and supported his RFC finding with substantial evidence.

4                **ANALYSIS**

5    **A.      Standard of Review.**

6         A federal district court may not disturb the Commissioner's final decision unless it is based

7    on legal error or the findings of fact are not supported by substantial evidence.  42 U.S.C. §

8    405(g); *Reddick  v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).  "Substantial evidence means more

9    than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

10    mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039

11    (9th Cir. 1995).  To determine whether substantial evidence exists, courts must look at the record

12    as a whole, considering both evidence that supports and undermines the findings by the

13    Administrative Law Judge ("ALJ").  *Reddick*, 157 F.3d at 720.  The ALJ's decision must be

14    upheld, however, if the evidence is susceptible to more than one reasonable interpretation.  *Id.* at

15    720-21.

16    **B.      Legal Standard for Establishing a Prima Facie Case for Disability.**

17         Disability is "the inability to engage in any substantial gainful activity" because of a

18    medical impairment which can result in death or "which has lasted or can be expected to last for a

19    continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether

20    a plaintiff is disabled, an ALJ applies a five-step sequential evaluation process.  *Bowen v. Yuckert*,

21    482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520.  The plaintiff bears the burden of establishing

22    a *prima facie* case for disability in the first four steps of evaluation.  *Gallant v. Heckler*, 753 F.2d

23    1450, 1452 (9th Cir. 1984).  However, the burden shifts to the Commissioner at step five.  *Tackett*

24    *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

25         The five-step analysis proceeds as follows.  First, the claimant must not be engaged in

26    substantial gainful activity.  20 C.F.R. § 416.920(b).  Second, the claimant must have a "severe"

27    impairment.  20 C.F.R. § 416.920(c).  To be considered severe, a medical impairment must

28    significantly limit physical or mental ability to do basic work activities and must be of twelve

months duration or be expected to last for at least twelve months.  (*Id.*)  Third, if the claimant's impairment meets or equals one of the impairments listed in Appendix I to the regulation (a list of impairments presumed severe enough to preclude work), benefits are awarded without consideration of the claimant's age, education, or work experience.  20 C.F.R. § 20 C.F.R. 404.1520(d).  Fourth, if the claimant's impairments do not meet or equal a listed impairment, the ALJ will assess and make a finding about the claimant's RFC based on all relevant medical and other evidence in the claimant's case record.  20 C.F.R. § 416.920(e).  The RFC measurement describes the most an individual can do despite his or her limitations.  *Id.* § 404.1545(a)(1).  If the claimant has the RFC to perform past relevant work, benefits will be denied.  *See id.* § 404.1520(f).  If the claimant cannot perform past relevant work, the ALJ will proceed to step five. *Id.*

At step five, the ALJ determines whether the claimant can make an adjustment to other work.  20 C.F.R. § 404.1520(f)(1).  If the claimant can make the adjustment to other work, the ALJ will find the claimant is not disabled; if the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled.  *Id.* at 404.1520(e) and (g).  There are two ways to make this determination: (1) by the testimony of an impartial vocational expert or by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app.2.  *Id.*

**C.      The ALJ did not err on any of the grounds asserted by Plaintiff.**

**1.      The ALJ correctly weighed the medical evidence.**

On January 18, 2017, the Social Security Administration issued revisions to its rules for evaluating medical evidence in Social Security Disability Cases.  82 Fed. Reg. 5844.  The new rules became effective as of March 27, 2017.  *Id.*  Some of the new rules apply only to claims filed after March 17, 2017, and leave the old rules in effect for claims filed before that date.  *Id.* Applying the revised rules, 20 C.F.R. § 404.1527 governs the evaluation of medical opinion evidence for claims filed before March 27, 2017.  That section continues use of the prior rule for weighing the medical evidence to claims filed before March 27, 2017.  20 C.F.R. § 404.1527. Plaintiff's claim was filed on January 30, 2017.  (AR 15.)  Therefore, 20 C.F.R. § 404.1527 and the former rule for weighing medical opinion evidence apply to her claims.

United States District Court
Northern District of California

The Ninth Circuit has "developed standards that guide the analysis of the ALJ's weighing of medical evidence." *Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1198 (9th Cir. 2008). The weight given to medical opinions depends in part on whether they are offered by treating, examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When weighing the opinions of different physicians, "the opinion of a treating physician is . . . entitled to greater weight than that of an examining physician, the opinions of an examining physician is entitled to greater weight than that of a non-examining physician." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Treating physicians are afforded greater weight because they are in a better position to know and observe the patient as an individual. *Lester*, 81 F.3d at 830. However, a treating physician's opinion "is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

When a treating or examining physician's opinion is not contradicted by other evidence in the record, it may be rejected only for "clear and convincing" reasons. *See Carmickle v. Comm. Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830-31). When a treating or examining physician's opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. *Id.* The weight given an examining physician's opinion, moreover, depends on whether it is consistent with the record and accompanied by adequate explanation, among other things. 20 C.F.R. § 416.927(c)(3)-(6). Furthermore, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The Ninth Circuit has held that an "ALJ may 'permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). An ALJ errs when the ALJ rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

1    substantive basis for his conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

2                    **i.      Babak Jamasbi, M.D.**

3           The ALJ did not err in affording the opinion of Babak Jamasbi, M.D., little weight.

4    Jamasbi treated Plaintiff from July 2016 to January 2018 as her primary care physician and to help

5    with pain management.  (AR 663-811; 1416-1534; 2244-2308.)  As part of a treatment note dated

6    July 1, 2016, Jamasbi observed that Plaintiff was "precluded from her usual and customary work"

7    and that she had "reached the point of maximal medical improvement" and was "permanent and

8    stationary." (AR 668.)  Jamasbi further found that, if Plaintiff were to participate in a functional

9    restoration program, she would have a period of total temporary disability.  (*Id.*)  The ALJ found

10   Jamasbi's statements that Plaintiff was precluded from work and permanent and stationary, as well

11   as his statement about a period of total temporary disability, to be vague and conclusory, and

12   disregarded them as inconsistent with the record as a whole and unsupported by objective

13   findings.  (AR 24.)  Further, the ALJ noted that the standard applied by Jamasbi of "permanent

14   and stationary" is derived from workers' compensation law and therefore is not relevant to a

15   determination of disability under the Social Security Act.  (*Id.*)  The ALJ therefore gave Jamasbi's

16   opinion little weight.  (AR 24.)

17          Plaintiff argues that the ALJ failed to consider specific activity limitations contained in the

18   opinion of Jamasbi supporting his finding that Plaintiff was unable to work.  (Dkt. 16.)  However,

19   Defendant contends that the limitations noted were not contained in the objective medical findings

20   section of Jamasbi's opinion, but rather in an "activities of daily living" section that merely

21   recounts what Plaintiff reported her limitations to be.  (Dkt. 19.)

22          Defendant is correct.  The portion of Jamasbi's opinion that Plaintiff relies on is given in

23   the third person, reflecting the fact that it is a summary of Plaintiff's subjective statements.  (AR

24   665.)  The paragraph at issue reads as follows:

25                    She is uncomfortable looking after herself performing self-care
                      activity and is slow and careful in doing so.  She can lift and carry
26                    light to medium objects if they are conveniently positioned.  Because
                      of her injury and discomfort, she can only walk a limited distance or
27                    use an assistive device.  She can do light to very light activity for 2
                      minutes.  She has a lot of difficulty climbing 1 flight of stairs.  She
28                    has a lot of difficulty to being unable to sit for 30 minutes to 1 hour.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

> She has a lot of difficulty to being unable to sit for 2 hours.  She has
> a lot of difficulty to being unable to stand or walk for 2 hours.  She
> has some difficulty reaching and grasping things at eye level.  She has
> some difficulty reaching and grasping things overhead.  She has some
> difficulty to a lot of difficulty with pushing or pulling activities.  She
> has some difficulty with gripping, grasping, holding, and
> manipulating objects using her hands.  She has a lot of difficulty with
> repetitive motions such as typing on a computer.  She has some
> difficulty with forceful activities using her hands.  She is unable to
> kneel, bend, or squat.  Her sleep is moderately disturbed to completely
> disturbed 2 to 7 hours nightly since the injury.  Her sexual activity is
> much less frequent to no sexual function because of her injury.  At
> this moment, her pain is moderate-to-severe.  Her pain is moderate-
> to-severe most of the time.  Her pain interferes with her ability to
> travel and engage in social and recreational activities most of the time
> to all of the time.  Her pain interferes with her ability to concentrate
> and think most of the time to all of the time.  She has moderate to
> severe depression and anxiety from her injury and discomfort most of
> the time to all of the time.

10

(*Id.*)  This paragraph clearly recounts Plaintiff's assessment of her condition for treatment

11

purposes but does not itself constitute a medical diagnosis.  The portions of this paragraph that

12

describe limitations also reflect Plaintiff's account of her own experiences to her provider.  Indeed,

13

the report contains separate sections labeled "diagnosis" and "discussion," which contain

14

Jamasbi's diagnoses and supporting commentary.  (AR 667-668.)  In turn, the diagnosis and

15

discussion sections of Jamasbi's opinion do not contain any specific account, framed in objective

16

medical terminology, of Plaintiff's work limitations.  (*Id.*)  The ALJ therefore correctly evaluated

17

Jamasbi's statements regarding Plaintiff's "stationary and permanent" status, her preclusion from

18

usual work, and the potential period of temporary disability as conclusory and unsupported.

19

### ii.      Michael Tran, M.D.

20

The ALJ did not err in discounting the opinion of Michael Tran, M.D.  Tran undertook

21

Qualified Medical Examinations of Plaintiff for workers' compensation purposes on January 2,

22

2015, January 13, 2016, and March 8, 2017.  (AR 897-1415; 2091-2243.)  In his most recent

23

opinion, formed after his third examination in March 2017, Tran found that Plaintiff should be

24

precluded from heavy work, prolonged sitting, prolonged standing, and walking more than 30

25

minutes at a time.  (AR 2114-2115.)  Tran also concluded that Plaintiff would be limited in

26

pushing, pulling, or lifting more than 10 pounds, kneeling, and squatting.  (*Id.*)  The ALJ

27

concluded that the majority of limitations described by Tran were inconsistent with the record as a

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   whole, and therefore afforded them little weight.  (AR 24.)  However, the ALJ gave partial weight

2   to the portions of Tran's opinion that supported a sit/stand option for Plaintiff.  (AR 24-25.)

3   Plaintiff argues that the ALJ did not give specific and legitimate reasons for discounting Tran's

4   opinion.  (Dkt. 16.)  Defendant rejoins that the ALJ's RFC finding is in fact consistent with the

5   limitations described by Tran; therefore, Plaintiff has not identified any error in the weight the

6   ALJ assigned it.  (Dkt. 19.)

7          Defendant is correct.  Tran found that Plaintiff should be precluded from heavy work,

8   prolonged sitting, prolonged standing, and walking more than 30 minutes at a time, and that she

9   would be limited in pushing, pulling, or lifting more than 10 pounds, kneeling, and squatting.  (AR

10   2114-2115.)  In turn, the RFC finding of the ALJ reflects similar limitations to those prescribed by

11   Tran: the ALJ found that Plaintiff was limited to standing or walking four hours of an eight-hour

12   day; sitting for six hours of an eight-hour day, frequently operating foot controls with her left

13   lower extremity; occasionally climbing ramps, stairs, ladders, ropes, or scaffolds; frequently

14   balancing or stooping; occasionally crouching or crawling; never kneeling or squatting; never

15   being exposed to extreme cold for concentrated periods, to unprotected heights, or heavy moving

16   machinery; requiring a sit/stand option such that she can switch to standing after one hour of

17   sitting and switch to sitting after 30 minutes of standing; never being required to walk more than

18   one mile without rest; using a cane for ambulation.  (AR 20.)

19          While the pulling, pushing, or lifting more than 10 pounds limitation is not present in the

20   ALJ's finding of Plaintiff's RFC, the ALJ referenced the opinion of treating physician Donald

21   Green, M.D., who initially found that Plaintiff was limited to pushing, pulling, or carrying no

22   more than 10 pounds in April 2014; however, in September 2014, Green noted: "Patient

23   requesting VOT with future estimated date of recovery for SDI […] Workers comp has stopped

24   paying her and she needs note to go on SDI.  She states she is still disabled. […] She is medically

25   safe for full work duty; it would be inappropriate for me to write otherwise."  (AR 23 citing AR

26   815).  Green provided no limitation on pushing, pulling, or carrying.  (*Id.*)  The ALJ also found

27   that the opinion of Gary Stein, M.D., limiting lifting to 10 pounds after knee surgery in March

28   2015 and February 2016, was inconsistent with the record as a whole, which includes evidence of

Plaintiff's good recovery from her surgeries and ability to care for herself on a day-to-day basis and attend school.  (AR 23-24 citing AR 631, 1044, 1065, 1101, 1114, 1177, 1184, 1209, 1214.)  The ALJ further noted the opinion of S. Hanna, M.D., who completed a Medical Evaluation form and a Physical Residual Functional Capacity form on March 3, 2017, based on review of Plaintiff's medical records and found that Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently (AR 25 citing AR 93-97.)  Thus, the ALJ gives specific and legitimate reasons from the medical record for the weight given to Tran's opinion, including the ALJ's decision to disregard Tran's push, pull, carry limitation.  The ALJ did not err in assessing Tran's opinion.

/ / /

### 2.     The ALJ did not err in evaluating Plaintiff's RFC.

The ALJ's finding on RFC is supported by substantial evidence.  The RFC measurement describes the most an individual can do despite his or her limitations.  *Id.* § 404.1545(a)(1).  The RFC determination is solely within the province of the ALJ.  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  The RFC finding must be supported by substantial evidence.  *Id.*

Here, Plaintiff contends that the ALJ's RFC finding failed to account for Jamasbi's finding that Plaintiff cannot lift things from the ground, but rather can only lift and carry conveniently positioned objects.  (Dkt. 16.)  However, as discussed *supra*, the limitation cited by Plaintiff is based on her account of her physical limitations to Jamasbi, as reflected in the third person in his opinion, rather than on an objective medical finding of limitation by Jamasbi.  Therefore, the ALJ did not err in failing to include a limitation to not lifting from the ground in his RFC finding.  Similarly, Plaintiff argues that the hypothetical relied upon by the vocational expert in giving her assessment was incomplete because it did not include a limitation to not lifting objects from the ground.  (Dkt. 16.)  Because the limitation to not lifting from the ground is not supported by the medical evidence of record, the ALJ did not err in excluding it from the hypotheticals offered to the vocational expert, and in turn, the ALJ did not err in partially basing his RFC finding on the vocational expert's opinion without a hypothetical reflecting the from-the-ground lifting limitation.  The ALJ's RFC finding was supported by substantial evidence.

Finally, Defendant argues that Plaintiff waived the argument that Plaintiff improperly

9

failed to consider her subjective symptom testimony in formulating his opinion on RFC.  (Dkt. 19.)  Plaintiff, asserting in her opposition brief that her arguments in her motion for summary judgment specifically address the limitation of lifting from the ground, disagrees; therefore, she has not waived arguments about the validity of her subjective opinion testimony that would tend to support such a limitation.  (Dkt. 20.)  An argument that is raised for the first time in a reply brief may not be considered and is deemed waived.  *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999)).  In her motion for summary judgment, Plaintiff does not raise the issue of whether the ALJ discounted her subjective symptom testimony.  (Dkt. 16.)  Rather, Plaintiff argues only that the ALJ improperly disregarded Jamasbi's opinion regarding a limitation on lifting from the ground. (*Id.*)  Plaintiff characterizes the restriction of lifting from the ground as "Dr. Jamasbi's limitation," rather than her own subjective symptom testimony, and nowhere does she argue that her subjective symptom testimony was improperly weighed by the ALJ.  (*Id.*)  Defendant is therefore correct in noting that Plaintiff waived any argument as to the lifting from the ground limitation and its effect on RFC based on her subjective symptom testimony.

## CONCLUSION

For the foregoing reasons, the Court DENIES Kristen Noel R.'s motion for summary judgment and GRANTS the Commissioner's cross-motion for summary judgment.

**IT IS SO ORDERED**.

Dated: November 22, 2021



_____

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

10